Per Curiam.

Relator contends that a board of elections has no power to determine the eligibility of a candidate for office, and that Section 1901.06, Revised Code, violates the Constitution of Ohio.
*254 Both these questions were determined in State, ex rel. Flynn, v. Board of Elections of Cuyahoga County, 164 Ohio St., 193. In that case it was held that Section 1901.06, Revised Code, is constitutional, and that a hoard of elections is authorized and required in a protest proceeding to determine whether the candidate is eligible under the statutes for the office which he seeks.
However, relator contends that the action of the board was a determination of the qualifications for this office, and that in determining relator ineligible it exercised a judicial function.
The board in this proceeding was not determining the qualifications for office, but whether the candidate had met the qualifications imposed by the statute. The qualifications themselves are created by statute and not by the board. The statute requires, as one of the qualifications for the office, that the candidate be “admitted to the practice of law in the state.” A determination as to whether one has been admitted to the practice of law is clearly a matter of fact. The board found that relator has not been admitted to the practice of law, and this relator admits. He was, therefore, as the board properly determined, not eligible as a candidate for municipal judge.
The phrase, “admitted to the practice of law,” as used in Section 1901.06, Revised Code, contemplates that the candidate has conformed not only to the requirements for admission to the bar but also has been admitted to practice as a duly licensed attorney at law. By his own admission relator has not met this qualification, and, therefore, he is not eligible for the office of municipal judge.
Relator having shown no clear legal duty on the part of the board to place his name on the ballot, the writ is denied.

Writ denied.

Taft, C. J., Zimmerman, Matthias, O’Neill, Herbert and Gibson, JJ., concur.
Griffith, J., not participating.